# EXHIBIT A

FINRA.

## Order on Request for Permanent Injunction

At the conclusion of a hearing on a request for permanent injunction under FINRA rules[1], please complete this form.

**A hearing on a request for Permanent Injunction under FINRA rules was held in the matter of:**

CLAIMANT(S): _ Ameriprise Financial Services, LLC

RESPONDENT(S): Douglas Kenoyer and LPL Financial LLC

CASE #: 24-02208

The hearing was held on 12/19/2024, 12/20/2024; 1/28/2025 1/29/2025 (month/date/year).
The follow individuals participated in the hearing: [list the attending individuals]

Chairperson: Katherine Hendricks

Panelist: Dianna J. Caley

Panelist: Wayne C. Hampson

Claimant's Representative: Michael S. Taafe

#1 Respondent's Representative: Scott C. Matasar

#2 Respondent's Representative: Cheryl L Haas

FINRA Dispute Resolution Staff: Bryanna Sein Hurtado

At the hearing for permanent injunction, the following occurred:

1. Respondent Douglas Kenoyer _____ filed
   its answer to the statement of claim.

on December 8, 2024

[1] Industry Code: Rule 13804; Old Code: Rule 10335

2. Respondent _LPL Financial LLC_ filed
   its answer to the statement of claim. _on December 6, 2024_

3. The parties accepted the panel's composition. (~~If not, please explain.~~)

   _____

   _____

   _____

4. In determining the request for permanent injunction, the panel used the
   following legal standard (Select one): _Federal law as argued by parties_
   a. Choice of law as indicated in the parties' agreement; or,
   b. The law of state where events occurred if there is no agreement.

5. On Claimant _Ameriprise Financial Service_'s request for
   permanent injunction, the panel rules as follows (circle and complete all
   selections that apply):
   ⓒ. Granted) _The injunction is as set forth in the attachment._
   d. Denied
   e. The permanent injunction filed by_____
      shall become effective:
      i.  Upon the expiration of the TRO used by the Court on month/date/year)
          _____ and expire on
          _____

      ⓘⓘ.) Immediately and will expire on (month/date/year)
          _at such time as a final award is entered_
          _in this matter or upon agreement that this_
          _injunction be dissolved_

6. On Respondent_____'s
   request for permanent injunction, the panel rules as follows (circle and
   complete all selections that apply):
   f.  Granted
   g.  Denied
   h.  The permanent injunction filed by_____ shall
       become effective:
       iii. Upon the expiration of the TRO used by the Court on month/date/year)
          _____ and
          expire on _____

       iv. Immediately and will expire on (month/date/year)
          ~~at such time as a final award is entered in this matter~~
          ~~or upon agreement that this injunction be dissolved~~
7. The parties are prohibited from seeking an extension of the court's order.
   (Yes)or No _The Court ordered that its order "shall remain in_
   _effect until further notice from the Court. The parties shall_
   _notify the Court within 14 days of a decision issuing from a FINRA_
   _arbitration, or upon agreement that this injunction be dissolved."_

8. ~~The parties are directed to jointly move the court to modify or dissolve the court order.~~ The parties shall file this motion within _____ days from the date of this order.

9. The panel has scheduled additional hearings to resolve damages and other issues as follows:

   a. The next scheduled hearing session will be held on (month/date/year) _____ at _____ (time).
   The following dates have also been reserved for this hearing:
   The parties shall meet and confer as to additional hearings to resolve damages and other issues and propose four sets of consecutive dates sufficient for such hearings and submit such dates for the arbitrators consideration

   b. ~~The arbitrators and parties have tentatively reserved _____ (month/date/year) at _____ (time) for a Pre-hearing conference to resolve~~
   _____
   _____
   _____

   c. The Chairperson and parties ~~have~~ shall tentatively reserved a date 30 to 45 days ~~(month/day/year) at _____ (time) for a Pre-hearing conference to resolve the following discovery matters:~~
   before the first scheduled hearing date for a pre-hearing conference to resolve any discovery matters!

   d. If Pre-hearing briefs are filed, they must be filed by:

   Response filed by: 20 days before first scheduled hearing date
   Reply filed by: 10 days before first scheduled hearing date

   e. If motions are filed, they must be filed by: 60 days before first scheduled hearing date
   Response filed by: 10 days before first scheduled hearing date
   Reply filed by: 4 days before first scheduled hearing date

10. Other rulings (i.e., arbitration fees, extra fees to be deposited, etc.): a. The parties are liable for the increased arbitrator honoraria on the hearing for the permanent injunction as follows:
    Increased honoraria for the hearing on the request for injunctive relief, is any, should be assessed equally against the parties as provided in Rule 13804.

b. The parties are liable for the reasonable travel expenses of arbitrator,
_____n.a._____ , who traveled outside his or
her assigned hearing location as follows:

Claimant #1 is assessed _____

Claimant #2 is assessed _____

Respondent #1 is assessed _____

Respondent #2 is assessed _____

Respondent #3 is assessed _____

11.  If the parties settle this matter with no further hearings:

a. The cost of this permanent injunction hearing and any other hearing,
   including initial Pre-hearing conference or Pre-hearing conference, will
   be borne as follows:

Claimant #1 is assessed _50 percent to Claimant Ameriprise_
                                              _Financial Services, LLC_
Claimant #2 is assessed _____

Respondent #1 is assessed _25 percent to Respondent Douglas Kenoyer_

Respondent #2 is assessed _25 percent to Respondent LPL Financial LLc_

Respondent #3 is assessed _____

b. Is this preliminary assessment joint and several?    (Yes) or as to Respondents
                                                         No

c. If this preliminary assessment is joint and several, state below the
   parties against whom it is made (circle all that applies):
   i.    Claimants only
   ii.   Respondents only
   iii.  Claimants and Respondents
   _____
   _____

FINRA rules[4] provide that the parties shall jointly bear an arbitrator's reasonable travel-related costs and expenses for required travel to a hearing location other than the arbitrator's primary hearing location(s). The arbitrator may reallocate such costs and expenses among the parties in the award.

If a member firm fails to satisfy an invoice, FINRA Dispute Resolution will debit the member firm's CRD account.

This order will remain in effect unless amended by the arbitration panel.

Dated: 2/21/25

Chairperson's Name and Signature

Dianna Caley   *Dianna Caley* 2/21/2025
Panelist's Name and Signature

Panelist's Name and Signature   2/21/21

---

Industry Code: Rules 13214 and 13804(b)(6)(c)
Industry Code: Rule 13804(b)(6)(A); Old Code: Rule 10335(b)(6)(A)

FINRA

Attachment to Order on Request for Permanent Injunction

Ameriprise Financial Services, LLC

-vs-

Douglas Kenoyer and LPL Financial LLC

Case No. 24-02208

Injunctive Relief Granted:

Respondent Douglas Kenoyer is required to return to Claimant Ameriprise within 48 hours of entry of this award all of Claimant Ameriprise's confidential, proprietary and trade secret information (whether electronic, hardcopy or otherwise) not previously returned and still in his possession, custody or control. Respondent Kenoyer is enjoined from misusing, disclosing, or possessing such information. Respondent LPL shall not use any such information to assist Respondent Kenoyer to transition from Ameriprise any additional clients of Ameriprise formerly serviced by Respondent Kenoyer. Respondent Kenoyer is prohibited from soliciting any current client of Claimant Ameriprise formerly served by Respondent Kenoyer at Ameriprise.

This injunction shall not apply to information pertaining to those clients that have already signed papers at LPL Financial and thereby moved with Respondent Kenoyer from Ameriprise to LPL Nothing herein shall relieve Respondent LPL from its duties to supervise Respondent Kenoyer.

The injunctive relief granted herein shall be in effect until such time as a final award is entered in this matter.

Rationale:

Mr. Kenoyer was and is required to comply with the terms of his franchise and intracompany transfer agreements, and refrain from soliciting his former clients who are still with Claimant Ameriprise. He is not entitled to protection of the Protocol because he failed to comply with its terms in that he pre-solicited Ameriprise clients, solicited Ameriprise advisors, asked Ameriprise advisors to pre-solicit Ameriprise clients, and took Ameriprise confidential information that would be allowed under the protection of the Protocol, if eligible, as well as information not allowed under the Protocol. The Panel finds and concludes that Claimant has shown a substantial likelihood of success on the merits. The evidence presented strongly indicates Respondent Douglas Kenoyer engaged in misconduct as alleged by Claimant   as described above. He breached his contracts with Ameriprise and pre-solicited Ameriprise clients and advisors while still working at Ameriprise, continued soliciting clients after he resigned from Ameriprise and

misappropriated Ameriprise confidential information. Mr. Kenoyer violated the Protocol for Broker Recruiting ("Protocol") and was not entitled to its protections, upon which he purported to rely in taking information from Ameriprise. The Panel also finds and concludes that Ameriprise would suffer irreparable harm in loss of reputation, goodwill and business relationships if the Panel did not continue the temporary restraining order at least in part as an injunction. Calculations of damages would involve assessing factors such as how much income Ameriprise has lost, which involves movement of the markets, determining the time period for which Ameriprise is entitled to recover and other factors that are difficult, if not impossible, to calculate.